## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

---

### EPITOMIZED OPINIONS
### Published only in the Abstract

No. 275

**McLEAN, Admr. v. TOLEDO TERMINAL CO.**

Ohio Appeals, 6th Dist., Lucas Co.

No. 1469.   Decided Feb. 16, 1925.

829.  NEGLIGENCE—Doctrine of, imputed in Ohio, does not exist—Question of contributory should be submitted to the jury.

1066.  SCINTILLA RULE—1. Verdict should not be directed, where applicable.  2.  Where there is the least bit of evidence tending to show negligence of Railway Co. as being proximate cause of death, rule should be followed.

WILLIAMS, J.

Cornelius McLean brought an action in the Lucas Common Pleas for the purpose of recovering damages from the Toledo Terminal Railway Co. for the death of his brother Harold McLean, claiming that negligence in the operation of its trains was the direct and proximate cause of the death.  McLean, at the time of his death, was riding as a guest in an automobile driven by another.  At the close of all the evidence the Railway Co. moved for a directed verdict as directed, and judgment there on was rendered in favor of the Railway Co.

Error was prosecuted and McLean, claimed that the trial court erred in granting the motion of the Railway Co. and in directing a verdict, first, because there was a scintilla of evidence and this should have been submitted to the jury, and second, because the question of contributory negligence should have been submitted to the jury.  The court of appeals held:

1.  If there was some evidence, however, slight, tending to prove negligence on the part of the Railway Co. and such negligence was the direct proximate cause of the decedent's death, the motion to direct a verdict was erroneously granted.  The scintilla rule exists in Ohio. citing Paper v Mudge 108 OS, 192 and a line of previous cases.

2.  The question of contributory negligence on part of the driver of the automobile, should have been submitted to a jury, and burden of proving contributory negligence was on the Railway Co, as it was not imputed to the decedent.  The doctrine of imputed negligence does not exist in Ohio, citing Toledo Rys. & Light Co. v Mayes, 93 OS 304 and considering

C. C. C. & St. Louis R. v Lee, 111 OS.   3 Abs. Judgment reversed and case remanded.

Attorneys—Clyde J. Deeds for McLean; Marshall & Fraser for Company; all of Toledo.